# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| JASMINE PAUL SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>MITCHELL SHARP,<br><br>Defendant. | Case No. 3:21-CV-00311-MMD-CLB<br><br>**ORDER TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |

On April 19, 2023, Defendant filed a motion for summary judgment. (ECF No. 46.) Plaintiff was given notice of the motion pursuant to the requirements of *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (ECF No. 51). Plaintiff did not respond, thus on May 12, 2023, the Court *sua sponte* granted Plaintiff an extension of time to May 26, 2023, to file an opposition to the motion for summary judgment. (ECF No. 55.)

On May 18, 2023, the Clerk of Court received a letter from Plaintiff indicated he has "no clue [] what a summary judgment is…." and "demanded" that the Court appoint him counsel or "tell [Plaintiff] what a summary judgment is." (ECF No. 56-1 at 1.)[1] A document requesting a court order must be styled as a motion, not a letter. *See* Federal Rules of Civil Procedure 7. Accordingly, the letter was returned to Plaintiff. (ECF No. 56.)

---

[1] According to the docket, NDOC staff members attempted to serve Plaintiff with the motion for summary judgment and the accompanying documents, including the *Klingele* notice. However, Plaintiff refused to sign for the items. (ECF No. 52.) This is not the first time in this case Plaintiff has refused service of electronically filed documents. In fact, Plaintiff has refused to accept documents in this case on several occasions. (*See* ECF Nos. 14, 16, 18.) On September 19, 2022, the Court held a Case Management Conference and warned Plaintiff that his refusal to accept service of documents may result in sanctions and directed him to accept service of the documents filed in this case. Despite this warning, it appears Plaintiff continued to refuse to accept documents. (*See* ECF Nos. 43, 52, 54.) Plaintiff is again reminded that his refusal to accept service of documents in this case may result in sanctions.

Additionally, Plaintiff has still not opposed or otherwise responded to the motion for summary judgment.

In consideration of Plaintiff's *pro se* status, the Court will *sua sponte* grant Plaintiff one, final extension of time to **July 3, 2023** to file an opposition to the motion for summary judgment. **No further extensions of time will be granted**. Plaintiff is cautioned that if he does not oppose the motion for summary judgment or if he fails to submit evidence supporting its opposition, the Court may consider the facts as undisputed. Thus, if the motion for summary judgment has merit, the Court may then recommend that the motion be granted.

Additionally, the Court orders that the Clerk of Court send a one-time courtesy copy of the following to Plaintiff: (1) Defendant's motion for summary judgment and accompany exhibits, (ECF Nos. 46, 48); and (2) Minute Order of Chief Judge Du regarding requirements of *Klingele* and *Rand*, (ECF No. 51).

Finally, the Court notes that Plaintiff's letter was received by the Court through the U.S. Mail. (*See* ECF No. 56-1 at 4.) However, pursuant to Fifth Amended General Order No. 2012-01, all prisoner filings in civil rights cases <u>must</u> be filed electronically. Therefore, Plaintiff may not mail any further filings to the Court but must utilize the electronic filing system. <u>Should Plaintiff send any further filings by mail, the Clerk's Office is directed to not process or return any such filings, but shall maintain them in the Court's manual filing system until further instruction from the Court.</u>

**IT IS SO ORDERED.**

**DATED**: May 31, 2023

_____
**UNITED STATES MAGISTRATE JUDGE**